# SUPREME COURT.

## In the Matter of Conroy.

*Vagrancy — House of Refuge for Juvenile Delinquents — Police justice — jurisdiction.*

An incorrigible son who disobeys the lawful commands of his mother, and who absents himself from home without her consent, cannot, by any construction, be held to be a *vagrant* within the language of the acts in relation to the duties of police justices (*Laws of* 1833, *chap.* 11; *Laws of* 1860, *chap.* 408), or the act of 1824 under which the house of refuge was incorporated.

*Special Term, January,* 1878.

*J. C. Quinn,* for petitioner.

Lawrence, *J.* — William Conroy has presented his petition to this court, alleging that his son, Samuel J. Conroy, an infant of fourteen years, is imprisoned and restrained of his liberty, by Israel C. Jones, the superintendent of the House of Refuge for Juvenile Delinquents.

On that petition a writ of *habeas corpus* was issued and the superintendent has returned, that he holds and retains the said Samuel J. Conroy " on the authority of the accompanying warrant of commitment." Accompanying the return is a commitment, issued by one of the police justices of this city, directed to the managers of the Society for the Reformation of Juvenile Delinquents, &c., directing them to take the body of the said Samuel J. Conroy and reciting that he " being charged on the oath of his mother, Isabella Conroy, with being a vagrant, namely, is a disobedient and incorrigible son,

who refuses to obey the lawful commands of his mother, and who absents himself from home without her consent.  I caused said Samuel J. Conroy to be brought before me for examination on said charge, and I proceeded to inquire into the matter in his presence, and having read the proofs and allegations submitted to me and duly considered the said matter, he was convicted on competent testimony, as aforesaid, *of being such vagrant*, and was adjudged by me a proper object to be committed to said House of Refuge."

It will be perceived from the above recital that the offense of which the boy was convicted was that of "*vagrancy.*"  It was stated on the argument, upon the return of the writ, that the boy had one day absented himself from school, in consequence of which misconduct, his mother complained against him to the police justice.  But that fact nowhere appears upon the record, and the commitment shows on its face that the boy, being a "disobedient and incorrigible son who refuses to obey the lawful commands of his mother, and who absents himself from home without her consent" is adjudged on that ground to be a vagrant.

The proceeding, it must be borne in mind, was not taken under the act of 1853 (*Laws of* 1853, *ch.* 185), nor under that of 1874 (*Laws of* 1874, *ch.* 421), respecting truant children, nor under any law relating to the education of children.  If, therefore, on the charge stated, the boy was not a vagrant, how can he be further detained ?

The term "vagrant," as used in the statutes relating to the police and criminal courts of the city of New York, is defined in those statutes, and the persons coming within that definition are specified therein.

I have examined the act of 1824, under which the House of Refuge was incorporated, and also chapter 11 of the Laws of 1833 and chapter 508 of the Laws of 1860.  The two last-mentioned acts relate principally to the powers and duties of the police justices, and the act of 1833 defines, with great particularity, the class of persons to whom the term "vagrant" shall

Matter of Conroy.

apply. An incorrigible son, who disobeys the lawful commands of his mother and who absents himself from home without her consent, cannot, in my opinion, by any construction be deemed to be a vagrant within the language of these acts. If I am right in this view, the return shows upon its face that the boy was not a " vagrant," and the commitment is void.

It was urged by the counsel for the respondent, that I could not go behind the return in this proceeding. If the return stated a case of vagrancy on its face, the argument might be sound. But it shows that the boy was not a " vagrant," by reciting the charge which was made before the magistrate.

It is not a case of defective proof, but a case in which no offense is stated and in which the magistrate, therefore, acquired no jurisdiction (*People* agt. *Liscomb*, 60 *N. Y.*, 559).

The prisoner is entitled to his discharge.